



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. E. Rightor, Secretary
State Board of Registration for
Professional Engineers
Austin, Texas

Dear Sir:

Opinion No. O-3421
Re: Will the provisions of Sec. 2,
S. B. 247, supersede or make
ineffective in any way the
provisions of Section 19,
Art. 3271a?

Your recent request for an opinion of this Department on the above stated question has been received.

We quote from your letter as follows:

"Section 2 of S. B. No. 247, now on the calendar of the Senate we understand, reads as follows:

'From and after six months (6) from the effective date of this Act it shall be unlawful for this State, or for any of its political subdivisions to engage in the construction of any public building, where public health, public welfare or public safety is involved, unless the plans and specifications have been prepared by, and the building is constructed under the supervision of a registered architect; provided that nothing in this Act shall be held to apply to any public building wherein the contemplated expenditure for the completed project does not exceed Three Thousand ($3,000.00) Dollars. Provided further, that nothing in this Act shall be held to apply to any public building wherein the plans and specifications have been approved by the governing body of any political subdivision, as enumerated in this section, on or before the date when this Act becomes effective.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST

"Section 19 of Article 3271a, Vernon's Annotated Civil Statutes reads as follows:

"'Public Work. - After the first day of January, 1938, it shall be unlawful for this State, or for any of its political subdivisions, for any county, city, or town, to engage in the construction of any public work involving professional engineering, where public health, public welfare or public safety is involved, unless the engineering plans and specifications and estimates have been prepared by, and the engineering construction is to be executed under the direct supervision of a registered professional engineer; provided, that nothing in this Act shall be held to apply to any public work wherein the contemplated expenditure for the completed project does not exceed Three Thousand ($3,000.00) Dollars. Provided, that this Act shall not apply to any road maintenance or betterment work undertaken by the County Commissioners' Court.'

"Kindly advise if the provisions of Section 2, S. B. 247, will supersede, or make ineffective, in any way, the provisions of Section 19 of Article 3271a?"

Section 11 of Article 249a, Vernon's Annotated Civil Statutes, reads in part as follows:

"Any person, or firm, who for a fee or other direct compensation therefor, shall engage in the planning, or designing, or supervising the construction of buildings to be erected or altered in this State, by or for other persons than themselves, as a profession or business, and shall represent or advertise themselves as architects, architectural designers, or other title or profession or business using some form of the word 'architect', shall be considered as practicing the profession of architecture in this State, and shall be required to comply with the provisions of this act.
. . ."

Section 2 of Article 3271a, Vernon's Annotated Civil Statutes, reads in part as follows:

"The term professional engineer as used in this Act shall mean a person who, by reason of his knowledge of mathematics, the physical sciences, and the principles of engineering, acquired by professional education and practical experience, is qualified to engage in engineering practice as hereinafter defined.

"The practice of professional engineering within the meaning and intent of this Act includes any professional service, such as consultation, investigation, evaluation, planning, designing, or responsible supervision of construction in connection with any public or private utilities, structures, buildings, machines, equipment, processes, works, or projects, wherein the public welfare, or the safeguarding of life, health or property is concerned or involved, when such professional services requires the application of engineering principles and interpretation of engineering data. . . ."

It will be noted that the above mentioned statutes in connection with Section 2, Senate Bill 247, Acts of the 47th Legislature, will in certain instances, require both an architect and an engineer. After carefully considering the above mentioned statutes together with Section 2 of Senate Bill 247, supra, it is our opinion that there is no conflict between Section 2 of Senate Bill 247 and Section 19, Article 3271a.

Therefore, you are respectfully advised that it is our opinion that Section 2 of Senate Bill 247, will not supersede, or make ineffective, the provisions of Section 19 of Article 3271a, Vernon's Annotated Civil Statutes.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED MAY 31, 1941

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:ALM

